UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

-against-

HECTOR LEMOS,

                    Defendant.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JAN 11 2013 ★
BROOKLYN OFFICE

MEMORANDUM & ORDER

10-CR-954 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Hector Lemos has moved to suppress the eyewitness testimony of three witnesses who made out-of-court identifications through procedures administered by a federal agent. (See Lemos Mot. to Suppress (Dkt. 48).) For the reasons explained below, Lemos' motion is DENIED.

I.  **BACKGROUND**

Lemos is charged with racketeering and several violent crimes arising from his membership in "Mara Salvatrucha" or "MS-13," an international gang known for narcotics trafficking and acts of violence. (Second Super. Indictment ("S-2") (Dkt. 36) ¶ 1.) Lemos is charged with attempting to murder members of a rival gang by firing shots at them in the summer of 2009. (See id.) He is also charged with murdering an individual he believed to be a member of a rival gang by shooting him in the summer of 2007. (See id.)

Lemos has moved to suppress the eyewitness testimony of three witnesses who made out-of-court identifications through procedures administered by a federal agent, wherein each of the three witnesses picked Lemos from an array of six photographs. (See Lemos Mot. to Suppress; Exs. A and B to Gov't Opp'n to Mot. to Suppress (Dkts. 52-1, 52-2) ("Photo Arrays").) Lemos

argues that the court must hold a hearing on the motion in order for him to demonstrate that the identification procedures were unduly suggestive. (Id. at 2.) He does not argue that the photo arrays themselves were suggestive, but that the agent administering the procedures asked a suggestive question and that the witnesses were not 100% certain of their identifications. (Id. at 3-6.) He also argues that there were many factors—including the length of time between the incidents in question and the identifications, and the extreme stress of the situations—that could have led to the witnesses misidentifying him. (Id.) As explained below, none of these arguments is sufficient to merit a hearing on the issue or merit suppression of the identifications.

## II. DISCUSSION

### A. Standard

Due process requires that when the Government offers testimony from an eyewitness who identifies a defendant as the perpetrator of an offense, that identification testimony must be reliable. Raheem v. Kelly, 257 F.3d 122, 133-34 (2d Cir. 2001) (citing cases). When a defendant objects to the admission of identification testimony, the court must first determine "whether the pretrial identification procedures unduly and unnecessarily suggested that the defendant was the perpetrator." Id. "If the procedures were not suggestive, the identification presents no due process obstacle to admissibility, no further inquiry by the court is required, and the reliability of properly admitted eyewitness identification, like the credibility of other parts of the prosecution's case, is a matter for the jury." Id. (citing Foster v. California, 394 U.S. 440, 442 n.2 (1969); Jarrett v. Headley, 802 F.2d 34, 42 (2d Cir. 1986)). If the procedures were suggestive, the court must then determine whether the identification has independent reliability. Id. "As a general rule, identification testimony is for the jury to weigh unless there is a 'very substantial likelihood of irreparable misidentification.'" Hernandez v. Senkowski, Nos. 98-CV-

5270, 99-CV-169 (RR), 1999 WL 1495443, at *18 (E.D.N.Y. Dec. 29, 1999) (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)).

"In general, a defendant seeking the suppression of evidence is not automatically entitled to an evidentiary hearing on the claim, but must make a preliminary showing of facts, which, if proved, would require the granting of relief." United States v. Pierce, No. 06-CR-42 (DLI), 2007 WL 1175071, at *3 (April 19, 2007). Absent a contested issue of material fact, a defendant is not entitled to an evidentiary hearing. United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992).

### B. Discussion

#### 1. *The Agent's Identification Procedure*

Lemos argues first that the agent who administered the identification procedures rendered them unduly suggestive by asking each of the witnesses *whether anyone in the photo array resembled the shooter*. (See Goltzer Decl. in Supp. of Lemos Mot. ¶¶ 10-12 (emphasis added); Lemos. Mot. at 3-4.) In response, however, the Government submitted an affidavit from the agent explaining that he asked each witness *whether he recognized anyone in the photographs*. (Ex. D to Gov. Opp'n to Mot. to Suppress (Dkt. 52-4) ("Sweeney Decl.") ¶¶ 4-10 (emphasis added).) At oral argument, the Government acknowledged that on the notices of identification it produced in the course of discovery it had inadvertently listed that the agent had asked the witnesses "*whether anyone in the photo array resembled the shooter.*"

This alleged factual dispute, however, does not create a contested issue of material fact warranting a hearing. Even taking Lemos' version of the facts as true—that the agent asked the witnesses whether anyone in the photo array resembled the shooter—the identification procedures were not unduly suggestive. The only authority Lemos cites for the proposition that the agent's question might be unduly suggestive is Judge Campbell's dissent in United States v.

Bowie, 515 F.2d 3 (7th Cir. 1974). Even in Bowie, however, the witness was asked to select the picture that "most closely resemble[d]" the offender, not *whether* anyone in the pictures resembled the offender, as here. Id. at 11. And although the dissent took issue with this language, the Seventh Circuit concluded that the identification procedures were not unduly suggestive. Id. at 7. Therefore, the court has no basis on which to conclude that the agent's statements rendered the identification procedure unduly suggestive.

### 2. Witness Degree of Certainty

Lemos takes the fact that Witness 2 and Witness 3 have stated a less-than-one-hundred-percent certainty in their identifications to indicate that they have "partially recanted" their identifications and they are thus unreliable. (Lemos Reply (Dkt. 54) at 1-2.) However, the fact that a witness is less than one hundred percent positive about his identification is insufficient to warrant suppression of the identification as a matter of law. Sims v. Sullivan, 867 F.2d 142, 145 (2d Cir. 1989). "Rather, it is a question for the jury." Id. (citing Manson v. Brathwaite, 432 U.S. 98, 116 (1977)). Accordingly, Lemos may cross examine the witnesses on this issue, but it does not merit suppression of the witness testimony.[1]

### 3. Totality of the Circumstances

Lemos' general argument that the witnesses were stressed during the shootings, may not have had a good chance to observe the shooter, and witnessed the events years before their identifications are also issues for the jury to weigh. "Juries are not so susceptible that they cannot measure intelligently the weight of identification testimony that has some questionable

---

[1] In his Reply, Lemos also argues that the lack of certainty indicates that there may have been multiple opportunities for the witnesses to view the photo arrays. (Lemos Reply at 2.) At oral argument, however, the Government represented to the court that there were not multiple viewings for Witnesses 1 and 2. According to the Government, Witness 3 identified Lemos the first time he viewed his picture but may have had a subsequent opportunity to make an identification. A possible repeated viewing after the witness' initial identification is not the type of "multiple viewing" meriting concern. Cf. Young v. Conway, 698 F.3d 69, 83 (2d Cir. 2012) (explaining the factors for concern, including whether the witness failed to identify the defendant on a prior occasion).

feature." Manson, 432 U.S. at 116. Without a showing that the identification procedures themselves were unduly suggestive, no further inquiry from the court is required. Raheem, 257 F.3d at 133-34.

## III. CONCLUSION

For the reasons explained above, Lemos has not shown any disputed issue of material fact indicating that the identification procedures were unduly suggestive. Therefore, Lemos' motion for a hearing and suppression of the eyewitness identification evidence is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
January 11, 2013

NICHOLAS G. GARAUFIS
United States District Judge