UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES,

                          Plaintiff,

-against-

HECTOR ALEMAN LEMOS,

                         Defendant.

**MEMORANDUM & ORDER**

**10-CR-954 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Petitioner Hector Aleman Lemos's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (*See* Petition (Dkt. #104).) For the reasons set forth below, the Petition is DENIED.

## I. BACKGROUND

On October 9, 2012, Lemos was charged in a nine-count superseding indictment with racketeering offenses, including racketeering and racketeering conspiracy, in violation of 18 U.S.C. § 1962(c) and (d) (Counts One and Two); two counts of conspiracy to murder in-aid-of racketeering, and one count of attempted murder in-aid-of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Counts Three, Four and Six); murder in-aid-of racketeering in violation of 18 U.S.C. § 1959(a)(1) (Count Seven); and using, carrying and possessing a firearm and causing death through use of a firearm, in violation of 18 U.S.C. § 924(c)(1) and (j)(1) (Counts Eight and Nine). (*See* Superseding Indictment (Dkt. 36).)

On March 7, 2013, after jury selection had begun, Lemos pleaded guilty to Counts One and Six of the Superseding Indictment—racketeering and conspiracy to murder in-aid-of racketeering, respectively—pursuant to a plea agreement with the Government. (*See* Ex. A to Opp. ("Plea Tr.") (Dkt. 106-1) at 26-27.)

1

In Lemos's signed plea agreement, he agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the court imposes a term of imprisonment of 360 months or below." (*See* Ex. B to Gov't Opp. ("Plea Agreement") (Dkt. 106-2) at 5.) On July 26, 2013, this court sentenced Lemos to 240 months' imprisonment on Count One and a consecutive sentence of 120 months' imprisonment on Count Six, for a total of 360 months. (*See* Judgment (Dkt. 101) at 2.) Lemos did not appeal his sentence or conviction.

On April 6, 2021, Lemos filed the Petition, seeking to vacate a conviction pursuant to 18 U.S.C. § 924(c), which was charged in Count Eight, but under which he was not convicted, arguing that the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) entitles him to vacatur of his sentence. (*See* Petition at 21.) Because he concedes that he filed the Petition past the statutory deadline, he also seeks equitable tolling of the limitations period. (*Id.* at 16.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a court may "vacate, set aside or correct" a conviction or sentence "imposed in violation of the Constitution or laws of the United States." However, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Fed. R. Governing § 2255 Proceedings in the U.S.D.C. 4(b). In a § 2255 proceeding, the petitioner bears the burden of proof by a preponderance of the evidence. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000).

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 sets a one-year limitation period for the filing of a petition for a writ of

habeas corpus by a person in custody pursuant to a state court conviction. *See* 28 U.S.C. § 2254(d)(1). A federal prisoner seeking relief under § 2255 generally must file the motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Equitable tolling may be available to excuse an untimely petition, but only where "the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012). If the requirements for neither § 2255(f) nor equitable tolling are met, a petitioner's claim may be heard only if he shows he is actually innocent. *See United States v. Flower*, No. 14-CR-108, 2019 WL 5957883, at *5 (D. Vt. May 23, 2019).

The Judgment in Lemos's case was entered on August 7, 2013. (Judgment at 1.) Because he did not appeal (consistent with his plea agreement), that conviction became final on August 21, 2013. See Fed. R. App. P. 4(b)(1) (allowing fourteen days to file notice of appeal from judgment of conviction). Lemos's time to file under § 2255 thus ran on August 21, 2014, under § 2255(f)(1). But 28 U.S.C. § 2255(f)(3) creates an exception to this usual rule. Under § 2255(f)(3), a petitioner may commence a petition based on a right "newly recognized by the Supreme Court" within one year of the relevant Supreme Court decision, if the Supreme Court made the right "retroactively applicable to cases on collateral review." *See* 18 U.S.C. § 2255(f)(3). Section 2255(f)(3) is applicable to Lemos's petition because he filed the

petition pursuant to the holding of *Davis* and Supreme Court's change in law in *Davis* was "made retroactively applicable to cases on collateral review." *See Hall v. United States*, 58 F.4th 55, 60-62 (2d Cir. 2023) (holding that the change in law in *Davis* was a new substantive rule that applied retroactively on collateral review); *see also Rizzuto v. United States*, No. 98-CR-581 (ERK), 2019 WL 3219156, at *1 (E.D.N.Y. July 17, 2019) (applying 2253(f)(3) to habeas petition raising similar claim under *United States v. Johnson*).[1]

However, the motion would still be untimely because more than one year ran between issuance of the decision in *Davis* on June 24, 2019 and Lemos's filing of the petition on April 6, 2021. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (stating that § 2255(f)(3) "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court,'" not the date the right was made retroactive); *see also Caraballo v. United States*, No. 10-CR-392-6 (CS), 2021 WL 1062036, at *1 (S.D.N.Y. Mar. 19, 2021) (stating that, assuming *Davis* is retroactively available on collateral review, the petition was still untimely as it was filed more than one year after *Davis*).

The one-year limitation period may be subject to equitable tolling where "extend[ing] the statute of limitations beyond the time of expiration [is] necessary to avoid inequitable circumstances." *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000). In the Second Circuit, equitable tolling should be applied only in "rare and exceptional circumstances." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). Equitable tolling may apply where the petitioner demonstrates that "extraordinary circumstances prevented him from filing his petition on time" and that the petitioner "acted with reasonable diligence throughout the period he

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted and all alterations are adopted.

4

seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). To show that extraordinary circumstances prevented petitioner from filing a timely petition, he must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde*, 224 F.3d at 134.

Lemos argues that equitable tolling is warranted due to several factors. First, he argues that he does not speak proficient English and has a difficult time understanding the legal principles that the jailhouse paralegal explained to him. (*See* Petition at 16.) However, the diligence requirement imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency. *See Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). In order to act with the due diligence required for equitable tolling on the basis of a lack of proficiency in English, the prisoners had to exert effort to contact someone outside prison who might assist them with learning the legal requirements for filing habeas corpus petitions in their language and exert effort to learn of such requirements within their places of confinement. *Id.* at 154. Lemos's petition has not shown that this requirement is met.

Lemos also contends that he was unable to obtain the legal transcripts necessary for his litigation because they were confiscated along with his property. (*See* Petition at 18.) However, he has not explained why the legal transcripts are needed, nor has he identified any information he needed to file his petition. "Even if a lack of materials could in some instances amount to an extraordinary circumstance, Petitioner's claim fails because he does not identify any information he needed to file his petition[.]" *See Caraballo v. United States*, No. 10-CR-392-6 (CS), 2021 WL

1062036, at *2 (S.D.N.Y. Mar. 19, 2021); *see also Lee v. Portuondo*, No. 02-CV-3990 (SJ), 2003 WL 22173078, at *5 (E.D.N.Y. Aug. 29, 2003) (holding there was no tolling where petitioner made no effort to explain why missing records were necessary to advance claims in petition).

Likewise, a restricted access to library facilities due to Covid-19 lockdowns, as Lemos argues, does not merit equitable tolling without a showing that he exercised reasonable diligence. *See Cross v. McGinnis*, No. 05-CV-504, 2006 WL 1788955, at *6 (S.D.N.Y. June 28, 2006) (holding that restricted access to the prison law library does not constitute an extraordinary circumstance); *see also Williams v. Ercole*, 486 F. App'x 208, 210 (2d Cir. 2012) (Summary Order) (holding that a defendant is not entitled to equitable tolling even though he lacked access to the library because he did not show that he exercised reasonable diligence such as telling the prison official of his impending deadline); *Olsen v. United States*, No. 20-CV-166 (BLW), 2021 WL 329462, at *3 (D. Idaho Feb. 1, 2021) ("[T]he COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis, as [petitioner] must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion.").

Similarly, while Lemos argues that he was transferred to special housing unit for three months when a member of his gang killed a fellow inmate, he did not further explain how transfer to a special housing unit prevented him from filing a timely habeas petition, except that his mail was delayed as an extra security measure. (*See* Petition at 17.) This is insufficient. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 76 (2d Cir. 2001) (holding that even solitary confinement does not warrant equitable tolling if the defendant did not show how it prevented him from filing a timely habeas petition).

In short, the factors to which Lemos points do not, individually or collectively, rise to the level necessary to excuse his failure to file his petition within the one-year limitations period. His Petition is therefore time barred.

### B. Waiver

The Second Circuit has repeatedly held that a knowing and voluntary waiver of the right to appeal a sentence within or below the stipulated Guidelines range shall be enforced. *See, e.g., United States v. Gomez-Perez,* 215 F.3d 315, 318 (2d Cir. 2000); *see also United States v. Djelevic,* 161 F.3d 104, 106 (2d Cir. 1998) (holding that appeal of sentence under section 2255 was foreclosed by plea agreement where district court imposed a sentence within the range stipulated by the agreement); *United States v. Salcido-Contreras,* 990 F.2d 51, 53 (2d. Cir. 1993) ("In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.").

Further, courts in this circuit have consistently rejected § 2255 petitions and direct appeals when criminal defendants waived those challenges in their plea agreements, even when the law subsequently changed in those defendants' favor. *See United States v. Morgan,* 406 F.3d 135, 137 (2d Cir. 2005) ("[T]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements."); *Sanford v. United States,* 841 F.3d 578, 580 (2d Cir. 2016) (holding that that collateral attack waivers preclude challenges to sentences based on *United States v. Johnson,* a case similar to *Davis* which holds part of 18 U.S.C. § 924 unconstitutional).

Lemos's § 2255 motion is barred by his valid § 2255 waiver. In Lemos's signed plea agreement, he agreed not to "file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event

7

that the court imposes a term of imprisonment of 360 months or below." (*See* Plea Agreement at 5.) The record reflects that Lemos knowingly and voluntarily entered into the plea agreement and waived his right to appeal any sentence of three hundred and sixty months or less. (*See* Plea Tr. at 23, 34-36.) During the March 7, 2013, plea allocution, Lemos told the court that he understood he was waiving his right to appeal. (*Id.* at 14, 23.)

In conclusion, the change in law reflected in *Davis* does not undermine the validity of Lemos's waiver. Since Lemos's sentence is not above the maximum stipulated in the plea agreement, the waiver is therefore enforceable.

### C. Validity of Guilty plea

Lemos argues that his § 924(c) conviction carrying 120 months' imprisonment should be vacated because § 924(c)(3)(B), commonly known as the residual clause, was subsequently held unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See* Petition at 21.) In *Davis*, the defendant was charged under 18 U.S.C. § 924(c), which authorizes mandatory minimum sentences, for using, carrying, or possessing a firearm in connection with any federal crime of violence or drug trafficking crime. *See Davis*, 139 S. Ct. at 2324. The statue defined the term "crime of violence" in two subparts, the first known as the elements clause and the second the residual clause. *Id.* The Supreme Court held that the residual clause, which defined a crime of violence as one "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," was unconstitutionally vague under due process and separation of powers principles. *Id.* at 2323. Thus, *Davis* prohibits a § 924(c)(1)(A) conviction—and retroactively vacates such convictions, *see Hall*, 58 F.4th at 60-62—if the underlying "crime of violence" meets that definition solely by reference to the residual clause.

Although Lemos was charged with one count of violating section 924(c), he ultimately did not plead to that charge, and was only convicted under other statutes. The Government argues that, because the only ground for relief is premised on Lemos's mistaken belief that he was convicted of violating section 924(c), the Petition must be denied. (*See* Mem. in Opp. ("Opp.") (Dkt. 106) at 2.) The Court agrees.

Nor does the initial charge of a violation of section 924(c) affect the validity of Lemos's guilty plea.[2] Guilty pleas are valid if made voluntarily and intelligently. *See Brady v. United States*, 397 U.S. 742, 747 (1970) (holding that an unconstitutional death penalty provision did not render all pleas of guilty encouraged by fear of possible death sentence unconstitutional). "More particularly, absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made *in light of the then applicable law* does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* at 757 (emphasis added); *see also United States v. Roque*, 421 F.3d 118, 120 (2d Cir. 2005) (holding that pre-*Booker* valid waiver of right to appeal was not rendered unknowing or involuntary by subsequent determination that Guidelines were advisory). As explained in *Brady*, a guilty plea triggered by a competently counseled defendant's expectation that the government will have a strong case against him is not subject to later attack when later developments in the law undermine that case or rendered the relevant law inapplicable. *Brady*, 397 U.S. at 757.

At the plea hearing, Lemos's attorney indicated that they had gone over the entire agreement, and Lemos confirmed that there

---

[2] Although Lemos does not raise this argument, the court must liberally construe claims brought by *pro se* petitioners. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." (emphasis in original)).

was no part of the agreement that he was not familiar with. (*See* Plea Tr. at 14-15.) The court also confirmed that Lemos was acting voluntarily, and he fully understand the charge, his rights, and the consequence of his plea. (*Id.* at 34.) As in Brady, even though there was subsequently a change in law, Lemos pleaded guilty based on counsel's understanding of the current law, and there is no indication that Lemos received anything less than competent counsel on whether he should plead guilty or that he entered into the plea involuntarily. Further, even for defendants who were actually convicted under § 924(c) and filed petitions to vacate their conviction in light of *Davis*, the validity of their guilty plea is not questioned as long as their guilty plea was entered knowingly and voluntarily. *See Elliott v. United States*, No. 17-CR-128 (ARR), 2019 WL 6467718, at *3 (E.D.N.Y. Dec. 2, 2019) (holding that a waiver of right to bring § 2255 petition precludes the defendant's *Davis* claim, without a question of the validity of a knowing and voluntary guilty plea). Hence, the subsequent change in law in *Davis* does not affect the validity of Lemos's guilty plea. Because Lemos was not convicted under 924(c), and the subsequent change in law regarding a charged statute does not render his plea invalid, Lemos's *Davis* claim fails.

### III. CONCLUSION

For the aforementioned reasons, the Petition is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
July 21, 2023

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge